**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KERRY JONES, <br><br> Plaintiff, <br><br> v. <br><br> BH NATURALS LLC, <br> BECKY GOCHMAN, and DAVID GOCHMAN, <br><br> Defendants. | Case No.: 19-CV-00432 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys, Danny Grace, P.C., as and for her Complaint in this action against Defendants BH Naturals, LLC. (the "Company"), Becky Gochman ("Ms. Gochman") and David Gochman ("Mr. Gochman"), (Individual Defendants collectively known as "The Family") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1. This action is to recover unpaid wages and benefits owed to the Plaintiff Ms. Jones, and withheld without legal cause or jurisdiction, and to seek action for declaratory, injunctive, and equitable relief, as well as monetary damage, to redress Defendants' breach of a valid enforceable contract; promissory estoppel; and unethical and unlawful employment practices against the Plaintiff.

2. Defendant, its subsidiaries and owners, unlawfully and knowingly classified Ms. Jones as an independent contractor to avoid taxable obligations; an act that was unlawful.

1

3. By reason of Defendants' failure and refusal to pay Plaintiff pursuant to the terms of a valid severance agreement, Defendants are indebted to Plaintiff for contractual damages in excess of $146,000.00, plus accruing interest, and damages as a result of the improper classification, no part of which has been paid though duly demanded.

4. Defendants believed they could use Plaintiff for her considerable creative talents and then disrespect her, treat her unprofessionally, and then constructively dismiss her following the unrelenting stress.

5. Defendants, their subsidiaries and owners, offered Plaintiff a severance package, which was agreed to by Plaintiff, but failed to duly compensate Plaintiff pursuant thereto.

6. Defendants' conduct was knowing, malicious, willful and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economical and non-economic damages, and severe mental anguish and distress.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action is brought under the FLSA pursuant to 29 U.S.C. §§ 207 *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Defendants regularly transact business in the district and

because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

11. Contemporaneous with the filing of this Complaint, Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

12. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

13. Plaintiff, Kerry Jones, is an individual who resides in, and is a citizen of, the State of New York.

14. Defendant BH Naturals, LLC. is a foreign limited liability company registered in Florida, with a registered address at 350 Royal Palm Way, Suite 501 c/o Inclenberg Investments, Palm Beach, FL 33480.

15. Defendant BH Naturals, LLC regularly transacts business in New York State.

16. BH Naturals, LLC is owned by Becky Gochman & David Gochman who live in New York State.

## FACTUAL ALLEGATIONS

### Violation of the FLSA

17. Ms. Jones was hired by the Family in November 2016, as a salaried exempt employee, receiving $96,000.00 yearly.

18. Although Ms. Jones performed as an employee of the Family in all facets of her role, and the Family benefitted from Ms. Jones as an employee of the Family, the Family unlawfully classified Ms. Jones as an independent contractor in order to avoid its tax obligations and pass these obligations through to Ms. Jones herself.

19. In fact, Ms. Jones unwittingly suffered significant economic damage as a result of her misclassification.

20. Until May 2017, Ms. Jones was located in Florida, after which time she returned to New York.

21. Subsequently, the Family formed the company BH Naturals LLC. and Ms. Jones began to receive her salary from the Company.

22. Ms. Jones continued to be a lawful employee of the Company but continued to be unlawfully classified as an independent contractor.

23. Ms. Jones returned to Florida in December 2017, where she remained until April 2018, formulating, creating and developing the company's "Farm Stand" pop-up village.

24. During this time a subordinate employee of Ms. Jones; Ms. Kristy Strait, was promoted to President of the Company.

25. Ms. Jones was informed that from that time forward, she would be under the supervision, control and direction of Ms. Kristy Strait, formerly her inferior in the workplace and an employee Ms. Jones herself had brought onto the project.

26. Ms. Jones was unlawfully classified as an independent contractor, in violation of the Fair Labor Standards Act and New York State Labor Laws. During the entirety of her employment, Ms. Jones was under the control and supervision of Becky Gochman, The Company

and her superiors. In March 2018, Ms. Gochman directed Ms. Jones under the control of Ms. Kristy Strait, a clear admission of her status as an employee.

27. The nature of Ms. Jones' employment was indicative of her status as an employee as she was responsible for the hiring of employee Kristy Strait and the negotiations and partnership with key clients and partners.

28. Moreover, for the entirety of her employment Ms. Jones made decisions pertaining to purchase of goods on behalf of the company. At all relevant times Ms. Jones was under the control and direction of Defendants.

29. While Defendants misclassified Plaintiff as an independent contractor, Defendants retained the absolute right to control and direct the work of Plaintiff.

30. Further, the nature of the services that Plaintiff performed, and the manner in which she performed these services, made it clear that Plaintiff was actually an "employee" within the meaning of the FLSA.

31. Ms. Jones was paid monthly by Defendants which is inconsistent with any claim that she was an independent contractor. Ms. Jones was routinely reimbursed expenses and was paid vacation and holiday leave, again entirely consistent with her status as an employee.

32. Not only was Defendants' conduct unlawful, it has caused, and continues to cause, Ms. Jones significant economic damage.

<u>Breach of Contract/Promissory Estoppel</u>

33. On April 18, 2018, Ms. Jones received an email from Becky Gochman informing her that BH Naturals LLC. was going to begin the process of dissolving, stating that "I have the unfortunate news that I will be dissolving Farm Stand".

34. Contained within the email was a clear and unambiguous severance offer made to Ms. Jones. This severance package outlined an offer of a full year's salary ($96,000.00) plus a further $20,000.00, and the remaining inventory valued at $30,000.00.

35. On April 29, 2018, following multiple back and forth communications via email, text and phone call in which Ms. Jones' employment status and her economic future and well-being became concerning, Ms. Jones relied on the promise made by the Company, and informed the Company in writing that she would accept the severance package.

36. On May 3, 2018, Ms. Jones received an email from Eileen Capone (Vice President/Senior Controller of Inclenberg Investments LLC) that contained a drastically altered and lowered severance offer, in comparison to the April 18 offer. This email instructed that the offer must be signed and returned before May 7, 2018.

37. Stunned by this turn of events, Ms. Jones emailed Becky Gochman reminding her of the original severance offer, and her acceptance thereof, and reliance thereon.

38. Ms. Gochman replied "I think you are taking things out of context at this point. You were an independent contractor."

39. As Plaintiff had accepted the offer by Defendants, and believed she had come to valid, enforceable contract, her employment with Defendants terminated and she was left without employment thereafter.

40. To date the April 18, 2018, contract has not been honored, and Plaintiff's employment with Defendants remains terminated.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

41. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

42. Defendants made a written offer to Plaintiff, to which Plaintiff agreed in writing.

43. Mutual consideration was present, and all parties had the competence and consent to enter contract.

44. All elements of a valid enforceable contract were present.

45. Defendants breached the contract by failing to reimburse Plaintiff for her agreed severance package.

46. By reason of said breach, Plaintiff is entitled to damages in an amount to be proved at trial but no less than $146,000.00 plus pre-judgment interest, damages, costs and attorney fees.

## SECOND CAUSE OF ACTION
**(Promissory Estoppel)**

47. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

48. Defendants made a significant promise in the form of a severance package payable to Plaintiff.

49. Plaintiff acted upon it by accepting the promise and terminating her employment, resulting in her unemployment status.

50. Plaintiff suffered significant detriment as a result, as she became unemployed and did not receive any severance compensation. Were it not for the promise made by Defendants, Plaintiff's employment would have continued.

51. Relief can only come in the form of the Defendants fulfilling the promise.

52. All elements of promissory estoppel were present.

53. By reason of said breach, Plaintiff is entitled to damages in an amount to be proved at trial but no less than $146,000.00 plus pre-judgment interest, damages, costs and attorney fees.

## THIRD CAUSE OF ACTION
### (Improper Classification Under the FLSA)

54. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

55. Plaintiff's employment was controlled and directed by Defendants, the services rendered by Plaintiff were are an integral part of Defendants' business, and the employment relationship had permanency in that it lasted almost a year and a half.

56. Defendants paid Plaintiff as an independent contractor in order to avoid tax obligations.

57. As a direct and proximate result of Defendant's unlawful conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. Damages in an amount to be proved at trial, together with interest;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not

limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

      C.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries.

      D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

      E.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

      F.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

      G.     Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: January 9, 2019
      New York, New York                     Respectfully submitted,

DANNY GRACE, P.C.
*ATTORNEYS FOR PLAINTIFF*

222 BROADWAY, 19TH FLOOR
NEW YORK, NY 10038
(646) 515-2821


_____/S/_____
 DANIEL GRACE